UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLYNN YBANEZ QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>USAA LIFE INSURANCE COMPANY and USAA GENERAL INDEMNITY COMPANY, foreign insurers,<br><br>Defendants. | Case No. C19-397RSM<br><br>ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiff Quintana's Motion to Remand. Dkt. #10. Ms. Quintana moves the court to remand this action back to King County Superior Court under 28 U.S.C. § 1447(c) for Defendant USAA's failure to comply with LCR 101(c). Specifically, Ms. Quintana argues that USAA failed to attach to its Notice of Removal: the Case Information Cover Sheet, Summons, Certificate of Mailing, and Confirmation of Service, all filings on the state court docket. *Id*. at 2. Instead, the Notice of Removal only attached the Complaint and the Order Setting Case Schedule from the state court file. Dkt. #1. On March 29, 2019, USAA filed a declaration related to state court records but did not attach these additional documents. Dkt. #8.

ORDER DENYING MOTION TO REMAND - 1

28 U.S.C. § 1447(c) authorizes this court to require "the removing party to file with its clerk copies of all records and proceedings in such State court . . ." Local Civil Rule 101(c) requires filing of the complete state court case file.

USAA argues that it filed in this case all state court records that it was served by Plaintiff rather than all records that were on the docket. Dkt. #11 at 2. USAA admits that its counsel "misinterpreted what was required." *Id*. Counsel for Defendants "apologizes for, and regrets, this inadvertent error, but, asserts the missing documents are harmless error, and inconsequential to establishing subject matter jurisdiction under 28 U.S.C §1446; and/or the facts supporting and justifying removal; and/or the facts establishing that the matter was properly and timely removed." *Id.* at 3. USAA contends "the important, substantive, necessary, and operative documents, establishing and justifying removal, were provided to the Court on March 19, and March 29, 2019." *Id*. USAA argues that two cases cited by Plaintiff where remand was granted are factually distinct. *Id*. at 3–4.

The Court is convinced by USAA that it substantially complied with LCR 101(b), and that any error was harmless. Certainly, Ms. Quintana offers nothing to imply that she or the Court were harmed by this technical error. Accordingly, this Motion will be denied.

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Quintana's Motion to Remand, Dkt. #10, is DENIED.

DATED this 15 day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE