UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLYNN YBANEZ QUINTANA, | Case No. C19-397 RSM |
| Plaintiff, | ORDER DENYING MOTION TO CONTINUE TRIAL AND RE-SET DEADLINES |
| v. | |
| USAA LIFE INSURANCE COMPANY and USAA GENERAL INDEMNITY COMPANY, foreign insurers, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Quintana's Motion seeking to modify the Court's Scheduling Order by continuing the trial date, discovery deadline, and expert disclosure deadline. Dkt. #21. Plaintiff argues that she is "unable to prepare her case for trial because critical discovery has not been answered by defendants." *Id*. at 3.

Trial is currently set for April 13, 2020. Dkt. #14. Expert witness disclosures were due on October 16, 2019; Discovery motions were due on November 15; Discovery was to be completed on December 15. *Id.* The instant Motion was filed on December 5 and noted for consideration on December 20, 2019.

ORDER DENYING MOTION TO CONTINUE TRIAL AND RE-SET DEADLINES - 1

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5). Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

The Court deems Plaintiff's motion a discovery motion—essentially a precursor to a motion to compel. However, the deadline for discovery motions expired prior to this Motion being filed, and discovery closed before this Motion was noted for the Court's consideration. Plaintiff's Motion is untimely.

In any event, the Court is primarily concerned with the diligence of the party seeking to modify these deadlines. Plaintiff has failed to present adequate evidence or argument on this question. Defendants certainly argue that Plaintiff has waited until the last possible moment to file this Motion, or after the last possible moment. *See* Dkt. #26 at 3. Although it is Plaintiff's burden to demonstrate good cause, Defendants take the opportunity in their Response to present evidence that Plaintiff has not been diligent in a) seeking discovery, b) meeting and conferring about allegedly inadequate discovery responses, c) filing a motion to compel or d) seeking an extension to the expert disclosure deadline. *Id*. at 3–6.

ORDER DENYING MOTION TO CONTINUE TRIAL AND RE-SET DEADLINES - 2

On Reply, Plaintiff points out that she granted Defendants extensions to provide discovery responses and argues that Defendants are engaged in "procedural gamesmanship." Dkt. #29.

The adequacy or reasonableness of Defendants' discovery responses is not properly before the Court. The only issue is whether Plaintiff has demonstrated good cause to reopen discovery and continue the trial date. Plaintiff has the burden to demonstrate her diligence in pursuing discovery and in making timely expert disclosures and has failed to do so.

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Quintana's Motion to Continue Trial and Re-Set Deadlines (Dkt. #21) is DENIED.

DATED this 9th day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE